UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ELIZA GONZALEZ,              )<br>    Plaintiff,            )<br>                              )<br>v.                            )<br>                              )<br>HAMMOND SCHOOL CORPORATION,   )<br>    Defendant.           )    | CAUSE NO.: 2:13-CV-207-JTM-JEM |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Defendant's Motion to Dismiss [DE 10], filed by Defendant on July 29, 2013, and on a Motion for to File Amended Complaint [sic] [DE 15], filed by Plaintiff on September 10, 2013. Plaintiff filed a response to Defendant's Motion to Dismiss on September 17, 2013, after the time to do so had expired. Also on September 17, 2013, Defendant filed an objection to Plaintiff's Motion for to File Amended Complaint. Plaintiff did not file a reply, and the time do so has passed.

On November 6, 2013, District Court Judge James T. Moody entered an Order [DE 20] referring Defendant's Motion to Dismiss to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The Motion for to File an Amended Complaint is not subject to the Order of Referral.

For the following reasons, the Court grants the Motion for to File an Amended Complaint and recommends that the District Court deny Defendant's Motion to Dismiss as moot.

# FACTUAL AND PROCEDURAL BACKGROUND

On November 9, 2010, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") against the Hammond School District, alleging discrimination based on national origin and disability. In it, Plaintiff alleged numerous specific incidents of discriminatory treatment, including being prohibited from speaking Spanish and being paid less than non-Hispanic administrators. Plaintiff received a Right to Sue letter from the EEOC on July 11, 2011, but she did not pursue litigation within the ninety days allotted to do so.

On August 10, 2012, Plaintiff filed a second charge with the EEOC against the Hammond School Corporation, alleging discrimination based on national origin and retaliation. In the statement of particulars, Plaintiff wrote:

> I am a Hispanic American who was hired by the Respondent on June 1, 2006. My recent position was Chief Administrator of Human Resource. On December 9, 2010, I filed a complaint with the EEOC (24B-2011-0011), the investigation was concluded around October 2011. Since then I have been denied terms and conditions of employment by Respondent's Supervisor, Walter Watkins (African American) that Respondent's other non Hispanics were afforded. The last act occurred on January 23, 2012, when I was forced to tender my resignation or be terminated. The reason given by Supervisor, Walter Watkins was allegedly due to my creating a hostile work environment, and people not liking me and not wanting to work with me.
>
> I have been discriminated against based on my National Origin/Hispanic, and in retaliation of my filing an EEOC complaint in violation of Title VII of the Civil Rights Act of 1964, as amended.

The EEOC mailed a Right to Sue letter on March 13, 2013. Plaintiff commenced this lawsuit with a Complaint filed on June 12, 2013. In it, she asserts claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the First Amendment of the U.S. Constitution.

The first Count in the Complaint asserts a claim of racial discrimination in violation of Title VII. In support of that claim, Plaintiff alleges that Defendant was aware of and condoned "discriminatory behavior" against Plaintiff, including:

> [p]aying her less than her white male predecessor, denying her use of a credit card, denying her a stipend, making her perform additional work duties and work hours, denying her bonuses in comparison to her white counterparts who had fewer educational qualifications than she, forbidding her from speaking Spanish to other Spanish speaking employees, denying her the right to exercise her authority as Chief Administrator of Human Resources and abusing and berating her in public, among other acts.

Compl. ¶ 33. Some of these alleged incidents of discrimination were reported in Plaintiff's first EEOC charge. None were alleged in Plaintiff's second EEOC charge.

On July 29, 2013, Defendant filed a partial Motion to Dismiss, asking the Court to "dismiss those allegations in Plaintiff's Complaint that are untimely and/or not raised in previous EEOC charges." Def. Br. at 1 [DE 11]. It argues that the claims arising from the first EEOC charge were barred as untimely because Plaintiff did not file suit on those claims within ninety days of receiving her Right to Sue letter as required. The rest it argues are barred because they were not found in or reasonably related to the claims in the second EEOC charge upon which Plaintiff bases the instant lawsuit.

Plaintiff did not respond to Defendant's partial Motion to Dismiss within the time allowed to do so, but on September 10, 2013, she filed the instant Motion for to File Amended Complaint. Among the proposed amendments, Plaintiff removed from the Title VII section of the Complaint the allegations to which Defendant objects in its partial Motion to Dismiss. The relevant paragraph as amended reads, in part, that Defendant was aware of and condoned "discriminatory behavior" against Plaintiff, including:

> Denying her terms and conditions of employment that were afforded to non-Hispanic employees by her African American supervisor; forcing her to resign based on false allegations and retaliating against her for having filed a previous charge of discrimination against defendant with the Equal Employment Opportunity Commission, among other acts that were taken against her due to her national origin.

Amended Compl. ¶ 33. This proposed paragraph tracks almost exactly the language of the statement of particulars in the second EEOC charge.

However, the allegations to which Defendant objects remain in the "Factual Background" section common to and incorporated by reference into all counts. Defendant asks that Plaintiff's Motion for to File an Amended Complaint be denied to the extent that inclusion of those allegations not be allowed.

## ANALYSIS

**I.     Motion Amend Complaint**

Federal Rules of Civil Procedure provide that a Complaint may be amended "only with the opposing party's written consent or the court's leave" if, as is the case here, more than 21 days have passed since the filing of an Answer or a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1)-(2). When a motion to amend a Complaint is made, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may, however, decline to grant leave for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir.

1990).

Defendant asks only that the Motion to Amend "be denied to the extent that the allegations subject to the Motion to Dismiss be eliminated from the Proposed Amended Complaint." Resp. 8. As it does in its partial Motion to Dismiss, Defendant argues that certain allegations are barred as untimely because they were not filed within ninety days of Plaintiff's receipt of her first Right to Sue letter. The rest it argues are barred because they are not found in or reasonably related to the claims in the second EEOC charge upon which Plaintiff bases her lawsuit.

Any Title VII claims arising out of an EEOC charge must be filed within ninety days of the receipt of a Right to Sue letter. 42 U.S.C. § 2000e–5(f)(1); *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011). A Title VII claim must also be limited to the allegations that were contained in or reasonably related to the EEOC charge from which it arises. *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)); *see also Babrocky*, 773 F.2d 857, 864 (7th Cir. 1985). A claim is "reasonably related" to an EEOC charge "if the claim in the complaint can reasonably be expected to grow out of an investigation of the allegations in the charge." *Cheek*, 31 F.3d at 500.

Plaintiff does not challenge Defendant's arguments that the allegations from her first EEOC charge are time-barred or that any allegation not contained within or reasonably related to her second EEOC charge cannot form the basis of her current Title VII claim. Accordingly, Plaintiff may not rely on those alleged discriminatory actions as the basis of her Title VII claims. However, the allegations to which Defendant objects have been removed from the Title VII section of Plaintiff's proposed Amended Complaint. Only allegations that her supervisor retaliated against her for filing her first EEOC charge and that her forced resignation was the result of discrimination

based on her national origin, the exact allegations contained in her second EEOC charge, are left in that section.

The proposed Amended Complaint does still include allegations from Plaintiff's first EEOC charge and allegations contained in neither EEOC charge in the "Factual Background" section. However, as Plaintiff points out in her belatedly filed response to Defendant's partial Motion to Dismiss, Plaintiff's claim under Section 1981 of Title 42 of the U.S. Code is independent of her Title VII claim. *See Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 461 (1975) ("[T]he remedies available under Title VII and under § 1981, although related, and although directed to most of the same ends, are separate, distinct, and independent.") Accordingly, her Section 1981 claim is not subject to the same administrative limitations as her Title VII claim. That is, the same allegations that would be time-barred as Title VII claims if not filed within ninety days of receipt of a Right to Sue letter are not barred if alleged within a Section 1981 claim. There is also no requirement that a Section 1981 claim be limited to allegations included in an EEOC charge. As Defendant has at no point objected to the inclusion of these allegations in relation to Plaintiff's Section 1981 claim, the Court finds no reason to deny their inclusion from the "Factual Background" of the Amended Complaint or any other reason to not "freely give" Plaintiff leave to amend her Complaint. Should Plaintiff attempt to impermissibly use any of the alleged incidents of discriminatory treatment to which Defendant objects as a basis for her Title VII claims in future motions or at trial, Defendant can address the issue again then.

based on her national origin, the exact allegations contained in her second EEOC charge, are left in that section.

The proposed Amended Complaint does still include allegations from Plaintiff's first EEOC charge and allegations contained in neither EEOC charge in the "Factual Background" section. However, as Plaintiff points out in her belatedly filed response to Defendant's partial Motion to Dismiss, Plaintiff's claim under Section 1981 of Title 42 of the U.S. Code is independent of her Title VII claim. *See Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 461 (1975) ("[T]he remedies available under Title VII and under § 1981, although related, and although directed to most of the same ends, are separate, distinct, and independent.") Accordingly, her Section 1981 claim is not subject to the same administrative limitations as her Title VII claim. That is, the same allegations that would be time-barred as Title VII claims if not filed within ninety days of receipt of a Right to Sue letter are not barred if alleged within a Section 1981 claim. There is also no requirement that a Section 1981 claim be limited to allegations included in an EEOC charge. As Defendant has at no point objected to the inclusion of these allegations in relation to Plaintiff's Section 1981 claim, the Court finds no reason to deny their inclusion from the "Factual Background" of the Amended Complaint or any other reason to not "freely give" Plaintiff leave to amend her Complaint. Should Plaintiff attempt to impermissibly use any of the alleged incidents of discriminatory treatment to which Defendant objects as a basis for her Title VII claims in future motions or at trial, Defendant can address the issue again then.

**II.     Motion to Dismiss**

Because the Motion to Amend is granted and the proposed Amended Complaint adequately addresses Defendant's arguments for partial dismissal, Defendant's partial Motion to Dismiss is now moot. Accordingly, the Court will recommend that the District Court deny the Motion as moot.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the Motion for to File Amended Complaint [DE 15] and **ORDERS** that Plaintiffs shall have through **February 17, 2014**, within which to file the Amended Complaint, currently docketed as an attachment to the instant Motion.

The Court further **RECOMMENDS that the District Court DENY as moot** Defendant's Motion to Dismiss [DE 10].    This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 11th day of February, 2014.

                                     s/ John E. Martin
                                     MAGISTRATE JUDGE JOHN E. MARTIN
                                     UNITED STATES MAGISTRATE JUDGE

cc:     All counsel of record